Larry W. GARNER, Petitioner,

v.

Marcia F. LAMBERT, Respondent.

No. 5:07CV03506.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 31, 2007.

Richard L. Rumbaugh, Carrollton, OH, Richard E. Gardiner, Fairfax, VA, for Petitioner.

Lynne Haddad Buck, Office of the U.S. Attorney, Cleveland, OH, for Respondent.

## MEMORANDUM OPINION AND ORDER

SARA LIOI, District Judge.

This matter is before the Court on Petitioner's motion for declaratory judgment. (Doc. No. 4.) Petitioner seeks a determination that revocation of his federal firearms license is stayed pending judicial review.

### I. Statement of Facts and Procedural History

Petitioner Larry W. Garner, Sr. ("Garner" or "Petitioner") is an auctioneer who deals in firearms. (Compl.¶ 4.)[1] As a firearms dealer, Garner holds a federal firearms dealer's license and is therefore subject to the requirements of the Gun Control Act of 1968 (the "GCA"), codified as amended at 18 U.S.C. §§ 921–930. Respondent Marcia F. Lambert ("Lambert" or "Respondent") is the Director of Industry Operations ("DIO") for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Columbus Field Division. (Compl.¶ 5.) ATF is a federal criminal and regulatory enforcement agency responsible for, *inter alia,* enforcing federal firearms laws, including the GCA.

On January 29, 2007, a Notice of Revocation of License was sent to Garner, informing him that his federal firearms license was revoked. (Compl.¶ 6.) In accordance with statutory procedure, Garner requested and received an administrative hearing regarding the revocation of his license, which was held on June 26, 2007. (Compl.¶¶ 7–8.) On or about September 24, 2007, Garner received from Lambert a Final Notice of Denial

---

1. All references to the Complaint, unless otherwise noted, are to the First Amended Complaint filed December 2, 2007. (Doc. No. 3.)

of Application or Revocation of Firearms License. This Final Notice informed Garner of Lambert's decision to uphold the revocation of Garner's license, and set forth six statutory and regulatory violations in justification of the decision. The Final Notice also notified Garner he was required to cease operations immediately. (Compl.¶ 9.)

Following receipt of the Final Notice, Garner requested permission from Lambert to continue business operations pending judicial review of the revocation decision. On October 12, 2007, Garner received permission to continue operations until January 1, 2008, but only for the limited purpose of disposing of firearms already in his possession. Lambert's authorization expressly precluded Garner from acquiring any additional firearms. (Compl.¶ 11.)

On November 9, 2007, pursuant to 18 U.S.C. § 923(f)(3), Garner commenced this action by filing a petition for judicial review of the revocation of his firearms license. On December 2, 2007, Petitioner filed the instant motion. Lambert opposed the motion, (Doc. No. 9), and Petitioner replied. (Doc. No. 10.)

## II. Law and Analysis

According to Garner, 18 U.S.C. § 923(f)(2) requires a stay of the revocation of his license while judicial review of the decision is pending. Section 923(f)(2) provides:

If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of the revocation. A hearing held under this paragraph shall be held at a location convenient to the aggrieved party.

Garner asserts that § 923(f)(2) mandates imposition of a stay of the revocation of his license until this Court finally adjudicates his petition for review. Garner further asserts that this mandate is "clear" and "plain," and that the statutory language is "unambiguous."

Garner asserts that § 923(f)(3) lends support to his reading of § 923(f)(2). Subsection (f)(3) provides:

If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

According to Garner, § 923(f)(3) concerns only the requirement that a licensee receive notice of a decision to revoke a license, and does not authorize termination of the stay provided by § 923(f)(2).

Garner claims further support for his position from the provision of § 925(b), which protects a licensee that is indicted

for a crime by permitting such a licensee to continue operations pursuant to an existing license during the term of the indictment and until any conviction becomes final. 18 U.S.C. § 925(b). Garner argues that by enacting § 925(b), Congress could not have intended to provide more protection to license holders charged with a crime than to those charged only with record-keeping violations of the type Garner is accused. Garner labels the view maintained by Lambert, when read in conjunction with § 925(b), anomalous.

The Court disagrees with Garner's interpretation of the statutory scheme. Lambert asserts, and the Court concurs, that the stay provided for by § 923(f)(2) applies only during the administrative hearing process, and therefore does not apply here because Garner already has received an administrative hearing, after which ATF decided to uphold the revocation of Garner's license. Lambert explains that a plain reading of § 923(f) shows that the statute describes the review process in chronological order, such that subsection (1) concerns the licensee's right to notice of the initial revocation decision, subsection (2) concerns the licensee's entitlement to an administrative hearing regarding license revocation, and subsection (3) concerns notice to the licensee of a final revocation decision following the administrative review by the agency, and the licensee's right to judicial review thereof. When read in this manner, the statute indicates that the stay established by § 923(f)(2) applies only during the administrative hearing process, because § 923(f)(3) contains no similar provision regarding a stay pending completion of judicial review.

The Court rejects Garner's contention that § 923(f)(2) "clearly" provides for imposition of a mandatory stay of revocation that lasts until the matter is litigated to finality. Rather, by its plain terms, § 923(f)(2) addresses only the administrative hearing. It makes no provisions at all for the post-hearing process. Procedures regarding appeals of the administrative decision are addressed in subsection (f)(3), which does not include any reference to a stay. Accordingly, the Court agrees with Lambert's interpretation of § 923(f). Specifically, the Court finds that the stay provided for by § 923(f)(2) applies only during the administrative review process.

Petitioner's argument regarding § 925(b) does nothing to alter this conclusion. For the reasons discussed, having reviewed the parties' arguments, the Court concludes that Respondent's reading of the statutory scheme is correct. Despite Petitioner's repeated protestations regarding Congressional intent, he provides not a single authority interpreting the statutes at issue which so much as suggests that Petitioner's reading of the statute is the one Congress intended.[2]

---

**2.** Moreover, Petitioner's supposed "anomaly" is, in the Court's opinion, no anomaly at all. Congress may have had very good reasons for drafting § 925(b) in such a way that provided more protection to criminally-indicted license holders than to violators of the licensing-holding requirements. One very reasonable possibility is that, with regard to violations of the licensing requirements, ATF would have complete control of any investigation of alleged violations, and therefore would be in a position to gauge the sufficiency of the allegations *before* deciding whether or not to revoke a license. By contrast, when revoking a license pursuant to § 925(b) based solely on a criminal indictment, ATF in all likelihood would have no control over the investigation preceding the indictment, and such indictment could be completely unrelated to the license and outside the ATF's area of expertise. Under such circumstances, the decision of Congress to provide a stay in one instance but not the other is, in the Court's view, completely rational. Furthermore, Congress clearly and explicitly set forth its intent to create a stay of a revocation based on a criminal indictment under § 925(b), and could have, but did not

Furthermore, Lambert asserts that 27 C.F.R. § 478.78 expressly provides ATF with authority to stay a revocation decision while judicial review is pending, and makes such authority discretionary. 27 C.F.R. § 478.78, entitled "Operations by licensee after notice," provides, in pertinent part:

If a licensee is dissatisfied with a post-hearing decision revoking or suspending the license or denying the application or imposing a civil fine, as the case may be, he may, pursuant to 18 U.S.C. § 923(f), within 60 days after receipt of the final notice denying the application or revoking or suspending the license or imposing a civil fine, file a petition for judicial review of such action. Such petition should be filed with the U.S. district court for the district in which the applicant or licensee resides or has his principal place of business. In such case, when the Director of Industry Operations finds that justice so requires, he may postpone the effective date of suspension or revocation of a license or authorize continued operations under the expired license, as applicable, pending judicial review.

The final sentence of this regulation clearly addresses the period of time in the process following the upholding of a revocation decision at the administrative level. This is the precise situation faced by Garner. Under the regulation, the DIO has discretion to authorize a stay of the license revocation while the decision is reviewed in court. In this case, Lambert, the DIO, exercised her discretion to grant a conditional stay that expires January 1, 2008—before judicial review will be completed. The DIO's decision was within the discretion conferred on her by the regulation.

Garner concedes that 27 C.F.R. § 478.78 allows, but does not require, a stay of the effective date of a license revocation pending judicial review, but contends that the regulation is invalid because Congress did not delegate to ATF the authority to promulgate such a regulation. Specifically, Garner argues that ATF's rulemaking authority is constrained by relevant statutory directives, and according to Garner, § 923(f)(2) "makes clear that the [ . . . ] stay continues during timely filed judicial review." (Pet. Reply 4.) Accordingly, Garner contends, ATF lacks authority to promulgate a regulation that is contrary to Garner's purportedly "clear" interpretation of § 923(f)(2).

As stated previously, Garner's contention that § 923(f)(2) clearly provides for an ongoing stay of revocation is without merit. To the contrary, the Court concludes that § 923(f)(2), when read in proper context, provides for a stay only during the pendency of administrative review. The Court agrees with Lambert that the § 923(f)(2) stay expired after the revocation decision was upheld at the administrative level. At that point, Garner was free to (and did) seek judicial review of the decision, but the applicable authority for obtaining a stay while court proceedings are pending then became 27 C.F.R. § 478.78. That regulation rests the decision whether or not to grant a stay within the discretion of the DIO. In this case, the DIO elected not to grant the unconditional and continuing stay requested by Garner, but instead imposed conditions on the stay, and set an expiration date of January 1, 2008. It was within her discretion to do so.

Garner challenges the validity of 27 C.F.R. § 478.78 by asserting the same ar-

do so when drafting § 923(f)(3) setting forth the procedures for judicial review of the agency's revocation decision.

guments that were raised before the court in *RSM, Inc. v. Herbert,* No. WMN–05–847, slip op. at 6–7 (D.Md. Mar. 15, 2006). Like the court in *RSM,* this Court rejects each of Garner's arguments regarding the validity of 27 C.F.R. § 478.78. Garner's initial argument that the regulation in question lacks statutory authority is without merit. Garner argues that the lack of a specific delegation of authority contained within in § 923(e) or (f) prevents the ATF from promulgating regulations relating to those subsections. The GCA, however, includes a separate section expressly delegating authority to the Attorney General to "prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter [...]." 18 U.S.C. § 926(a). Section 926 authorizes rulemaking regarding the entire chapter, which includes § 923, and is not limited in the manner suggested by Garner.

Garner next argues that, even if § 926 constitutes a valid delegation of rulemaking authority by Congress, ATF could not enact 27 C.F.R. § 478.78 because it is contrary to § 923(f)(2). As has been explained, however, this Court does not read § 923(f)(2) in a manner that would bring it into conflict with 27 C.F.R. § 478.78. Addressing the exact same argument, the court in *RSM* explained: " § 923(f) fails to state when the stay is to be lifted and the regulation reasonably fills in this blank in accordance with the timing suggested in § 923(e)[3]." *RSM,* No. WMN–05–847, slip op. at 7. The Court agrees with this pronouncement. Accordingly, the Court finds that 27 C.F.R. § 478.78 is supported by the requisite delegation of authority, and its promulgation by ATF was a valid exer-

cise of that authority. Further, the Court finds that the regulation governs this case. The DIO has exercised the discretion afforded her by the regulation to deny Garner the stay he now seeks from this Court. Because the Court finds that Lambert's decision was a valid exercise of discretion, and that no basis exists for disturbing that decision, it must be upheld.

## III. Conclusion

For the foregoing reasons, Garner's motion for declaration that revocation is stayed pending judicial review is **DENIED.**

**IT IS SO ORDERED.**

---

**3.** 18 U.S.C. § 923(e) provides:

The Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regula-

tion prescribed by the Attorney General under this chapter [...]. The Attorney General's action under this subsection may be reviewed only as provided in subsection (f) of this section.